OPINION *Page 2 
{¶ 1} On September 22, 2004, appellants, John and Joseph Phillips, filed a complaint against appellees, James and Cynthia Young, seeking an injunction/declaration over the use of a driveway.
 {¶ 2} A bench trial commenced on April 4, 2006. By judgment entry filed April 27, 2006, the trial court issued a declaratory judgment in favor of appellants, finding they had legally established a prescriptive easement over appellees' land. No one appealed this decision.
 {¶ 3} Several months later, the parties filed cross-motions for contempt. A hearing was held on November 20, 2006. By judgment entry filed December 1, 2006, the trial court denied the cross-motions, and clarified its April 27, 2006 judgment entry, stating the prescriptive easement granted to appellants was to be used by appellants only and not "customers, vendors, delivery companies, etc."
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT WAS NOT PERMITTED TO ISSUE ADDITIONAL ORDERS OVER SEVEN (7) MONTHS AFTER THE INITIAL JUDGMENT ENTRY WAS SIGNED."
 I {¶ 6} Appellants claim the trial court erred in modifying its April 27, 2006 judgment entry on declaratory judgment. We agree.
 {¶ 7} On April 27, 2006, the trial court found the following regarding the parties' dispute over the use of the driveway: *Page 3 
 {¶ 8} "FINDS that the Prescriptive Easement to which Plaintiffs are entitled in this case relative to the land of Defendants is the following: Ingress and egress from State Route 800 across Defendants' land to Plaintiffs' property including a residence structure for privateresidential access and use only. That means that Plaintiffs have not established, by the requisite standard, an entitlement to aPrescriptive Easement for commercial traffic from State Route 800 across Defendants' land to the commercial enterprise also located on Plaintiffs' property. Access by vehicles to Plaintiffs' commercial enterprise (boat and motor repair) is not allowed by this judicially declared Prescriptive Easement."
 {¶ 9} The trial court then ordered the following prescriptive easement:
 {¶ 10} "Ingress and egress from State Route 800 across Defendants' land to Plaintiffs' property including a residence structure for private, non-commercial use only. The location and dimensions of the roadway constituting the Prescriptive Easement shall be as they exist on the date of the journalization of this Judgment Entry. Costs of maintaining the roadway shall be borne equally by Plaintiffs and Defendants."
 {¶ 11} Following the contempt hearing, the trial court denied the parties' respective contempt motions, but issued the following pertinent orders in its December 1, 2006 judgment entry:
 {¶ 12} "1. The Prescriptive Easement issued in the 4/27/2006Judgment Entry grants John and Joseph Phillips only the right to use the Defendants' roadway in question crossing over Defendants' land foringress and egress only to and from the residential property owned by Plaintiffs adjacent to Defendants' property.
 {¶ 13} "2. The Prescriptive Easement issued by the Court in the 4/27/2006 Judgment Entry does not give any other person or entity the right to use Defendants' *Page 4 
roadway in question for any purpose, business or personal, given the fact that alternative ingress and egress to and from the Plaintiffs' property exists for both personal and business purposes, and is available for use by these third parties.
 {¶ 14} "3. John and Joseph Phillips shall send, or cause to be personally delivered, written notification to all customers, vendors, delivery companies, etc. that access to the Phillips Commercial Enterprise (Boat and Motor Repair Business) located on the Phillips property in question, shall not include utilization of Defendants' roadway by shall be by the alternate access roadway available. ThisNotice shall be mailed/delivered no later than Friday, 1/15/2007.
 {¶ 15} "7. Plaintiffs shall endeavor to immediately inform and notify all relatives, friends or other persons/entities who access Plaintiffs' property in question for personal reasons/purposes, that the Defendants' roadway in question shall not be utilized to access the Phillips' property located adjacent to the property owned by the Defendants.
 {¶ 16} "8. All persons utilizing Defendants' roadway in question subsequent to 1/8/2007 shall be subject to private prosecution by Defendants for private trespass."
 {¶ 17} R.C. Chapter 2721 governs declaratory judgment actions. R.C.2721.09 states the following in pertinent part:
 {¶ 18} "* * *[W]henever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. The application for the further relief shall be by a complaint filed in a court of record with jurisdiction to grant the further relief. If the application is sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why the further relief should not be granted forthwith." *Page 5 
 {¶ 19} We find none of the requirements of R.C. 2721.09 were followed in this case. The matter was before the court on cross-motions for contempt. The trial court limited the hearing to the scope of the contempt motions which argued the following:
 {¶ 20} "Now come the defendants, James and Cynthia Young, by and through counsel, and move this Court for an order finding the plaintiffs in contempt of the judgment entry for the non-commercial use of the defendants' driveway. Defendants submit that plaintiffs have been allowing persons other than the plaintiffs to use the subject roadway which is in direct violation of this court order. Specifically, attached is chronological log (`Exhibit A') as well as photographs (`Exhibit B') of the violations.
 {¶ 21} "An order finding plaintiffs in contempt of this court order restricting the use of the defendants' driveway for private,non-commercial use only (emphasis added)." Appellees' Motion for Contempt filed September 8, 2006.
 {¶ 22} "Now comes Plaintiff, John Phillips and Joseph Phillips by and through their Attorney, Brad L. Hillyer and moves the Court for the following Orders:
 {¶ 23} "An Order finding the Defendants, James and Cynthia Young in Contempt of Court for his repeated violations of the Court's Judgment Entry dated April 27, 2006 in accosting, harassing, stopping, interfering, threatening and physically assaulting the Plaintiff, John Phillips and further interfering with family members, friends and Plaintiffs themselves during their legal use of the driveway pursuant to the entry on the following occasions, May 13, 2006, May 26, 2006, June 8, 2006, June 30, 2006, July 18, 2006, August 13, 2006, August 24, 2006, September 7, 2006, and September 11, 2006." Appellants' Motion for Contempt filed November 7, 2006. *Page 6 
 {¶ 24} The trial court did not find appellants were in contempt of court for any violation of the April 27, 2006 order. Because no one appealed the April 27, 2006 judgment entry, we find the law of the case doctrine applies:
 {¶ 25} "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.* * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
 {¶ 26} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.* * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.* * *
 {¶ 27} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given.* * *" Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3-4. (Citations omitted.)
 {¶ 28} In the case sub judice, the attempt at modification, wherein the trial court restricted use of the prescriptive easement solely to the individual appellants, was beyond the scope and spirit of the original order. In the original order, the trial court granted a prescriptive easement for "private, non-commercial use." Modifying this order *Page 7 
to restrict relatives, friends, and non-commercial delivery trucks went beyond the clear and unambiguous meaning of the original order and was not within the scope of the hearing.
 {¶ 29} Upon review, we find the trial court's December 1, 2006 judgment entry to be an abuse of discretion. Blakemore v. Blakemore
(1983) 5 Ohio St.3d 217.
 {¶ 30} The sole assignment of error is granted.
 {¶ 31} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby vacated.
Farmer, P.J., Wise, J., concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is vacated. *Page 8